IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRITTANY WILLIAMS,
Individually and on Behalf of
All Others Similarly Situated                                                                  PLAINTIFF

v.                                         Case No. 4:20-cv-4009

SEP, INC.                                                                                      DEFENDANT

## ORDER

Before the Court is the parties' Joint Motion for Entry of Confidentiality Protective Order. (ECF No. 14). The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered or offered into evidence at the trial of this case. Upon consideration, the Court finds that the parties' motion (ECF No. 14) should be and hereby is **GRANTED**. The Protective Order is as follows:

1. For purposes of this Confidentiality Order, "Confidential Documents" shall include any documents that a Party or its counsel designate as confidential based upon a good-faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Any documents produced by a non-Party in this Action, pursuant to subpoena or otherwise, may be designated by such non-Party or by any Party or counsel for any Party as "Confidential Documents" under the terms of this Confidentiality Order. Confidential Documents may include information of whatever kind, including but not limited to written information and information otherwise recorded on any medium, including without limitation paper, photographs, recordings, and electronic, optical, and magnetic disks and files.

2. For purposes of this Confidentiality Order, "Confidential Information" shall include any information provided in disclosures, in response to a written discovery request, or in response to a deposition question that a Party or its counsel designate as confidential based upon a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

3. At the time a Party or non-Party produces documents in this Action, the Party or non-Party producing the documents (the "Producing Party") may designate any such documents as Confidential Documents by stamping on each page of such documents the word "Confidential."

4. At the time a Party responds to a written discovery request, the Party producing information may designate such information as Confidential Information by stating in writing in response to the written discovery request that the information is Confidential Information and by indicating on the first page of the written discovery responses that the document contains Confidential Information.

5. During any deposition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate testimony being provided in response to a deposition question as Confidential Information. In addition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate additional Confidential Information by indicating to all Parties, in writing, fifteen days following receipt of a deposition transcript the specific line numbers and page numbers of the transcript that contain Confidential Information.

6. If any Party receiving Confidential Documents or Confidential Information (the "Receiving Party") believes that such documents or information is not entitled to the protections set forth in this Confidentiality Order, the Receiving Party shall, within three weeks of receiving

such documents or information, indicate to the Producing Party, in writing, copying all Parties to this Action, the specific documents or information that the Receiving Party believes falls outside of the protections set forth in this Confidentiality Order ("Identified Documents or Information") and state in writing the rationale for the removal of such Identified Documents or Information from the protections set forth in this Confidentiality Order.

7. If the Producing Party or any Party to this Action objects, in writing, to the Receiving Party's written notice that the Identified Documents or Information falls outside of the protections set forth in this Confidentiality Order, such objection shall be made within three weeks of receiving such written notice, or the claim of confidentiality shall be waived. If such objection is made in writing, it shall state the rationale for maintaining the Identified Documents or Information under the protections set forth in this Confidentiality Order. If the Receiving Party desires to challenge the claim of confidentiality, the Receiving Party shall move the Court for an order on the issue.

8. Neither the service of the written notice described in paragraph 6 nor the service of the written objection or filing of a motion described in paragraph 7 shall remove the Identified Documents or Information from the protections set forth in this Confidentiality Order. Until the Parties resolve the dispute among themselves, the Producing Party or Party claiming confidentiality waives the claim of confidentiality, or the Court resolves the dispute, the Identified Documents or Information shall retain the protections set forth in this Confidentiality Order.

9. The Parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action. To the extent any Confidential Documents or Confidential Information is provided

to non-Party witnesses, consultants, or expert witnesses, each non-Party witness, consultant, or expert witness shall agree in writing, in the form attached to this Confidentiality Order as Exhibit A, prior to receiving any Confidential Documents or Confidential Information, that he (a) shall be bound by the terms of this Confidentiality Order and (b) shall return all Confidential Documents and Confidential Information upon conclusion of the Action. Nothing in this Confidentiality Order prevents any Party from disclosing Confidential Documents and Confidential Information to the Court, its staff, and court reporters at deposition or trial, subject to such protections as the Court may order with respect to the treatment of Confidential Documents and Confidential Information at trial. Nothing in this Confidentiality Order restricts what a Producing Party may do with Confidential Documents or Confidential Information it produces.

      10. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the Receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

      11. The Parties and all persons subject to the provisions of this Confidentiality Order agree to use Confidential Documents and Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

      12. The Parties' agreement to produce Confidential Documents and Confidential Information pursuant to this Confidentiality Order shall not be deemed an agreement that such

information and documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information or (2) are relevant to any matter at issue in the Action. Each Party reserves the right to object to, and to seek an appropriate order limiting, any use that any other Party may seek to make of such Confidential Documents or Confidential Information either in discovery or at the trial of the Action.

13. The Parties agree that no copies of Confidential Documents or Confidential Information will be made except as necessary for the purposes of this Action. In the event any Confidential Documents or documents containing Confidential Information are filed with the Clerk's office, the documents shall be redacted. Fed. R. Civ. P. 5.2. If redaction is not practical, the documents should be marked as "Confidential." The clerk shall accept such information, which shall be contained in a sealed envelope and prominently marked "CONFIDENTIAL – TO BE OPENED AS DIRECTED BY THE COURT." A similar notification shall be placed on the cover page of the document being filed.

14. In the event that a Party wishes to use any information designated under this Confidentiality Order in any affidavit, brief, memorandum of law, or other paper filed with the Court in this litigation, any Confidential Information in the paper shall be redacted when practicable, and if not, filed under seal and maintained under seal by the Court as provided in Paragraph 13. Nothing in this paragraph shall be construed to preclude a Party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the Court responsible for the litigation.

15. Within 30 days of the conclusion of this case (including any appeals), all Confidential Documents and documents containing Confidential Information must be returned to the disclosing party or destroyed unless: (a) the document has been entered as evidence or filed

(unless under seal) or (b) the document is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.

16. The Parties agree that nothing in this Confidentiality Order is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

17. Because a violation of this Confidentiality Order by a Receiving Party could cause irreparable injury to the Producing Party, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Receiving Party in this Court from any violation of this Confidentiality Order.

18. This Confidentiality Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

19. Any individual or entity that becomes a party to this Action and has not subscribed to this Confidentiality Order as of the time it is presented to the Court for approval and entry may thereafter become a party to this Confidentiality Order by having its counsel sign and date a copy of this Confidentiality Order and filing it with the Court and serving such signed copy upon the other Parties to this Confidentiality Order.

20. This Confidentiality Order is applicable to the Parties for the sole purpose of facilitating discovery in the Action. This Confidentiality Order and the confidentiality designations made pursuant to this Confidentiality Order may not be used in any manner, directly or indirectly, as evidence at trial or any hearing or referred to at trial or any hearing in this Action, save and except for a hearing that involves issues related to the enforcement of any provision of this Confidentiality Order.

21. Any time limit contemplated by this Confidentiality Order may be extended by an agreement in writing signed by counsel of record for each Party.

22. This Confidentiality Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing signed by counsel of record for each Party and adopted by Order of this Court.

**IT IS SO ORDERED**, this 30th day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRITTANY WILLIAMS,
Individually and on Behalf of
All Others Similarly Situated                                                       PLAINTIFF

vs.                              No. 4:20-cv-4009-SOH

SEP, INC.                                                                           DEFENDANT

## AGREEMENT

I have been asked to serve as a _____ in this Action on behalf of _____, one of the parties to the Action. I acknowledge that I have received and read the Confidentiality Agreement and Protective Order ("Confidentiality Order") attached hereto. I agree to be bound by the terms of the Confidentiality Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Confidentiality Order in this Action.

Dated this \_\_\_ day of _____, 2020.

By:_____

Subscribed and sworn to before me

this \_\_\_\_\_ day of _____, 2020.

Notary Public

_____

8